IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,971-01






EX PARTE DAVID WILLIAM BAKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3820-A IN THE 216TH DISTRICT COURT


FROM GILLESPIE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less that one gram
of cocaine and sentenced to two years in a state jail after his community supervision was revoked.

 Applicant contends that he is being illegally confined because he was erroneously released more
than two years before he was again arrested on this sentence, so this sentence has expired. Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Hale, 117 S.W.3d 866 (Tex. Crim. App.
2005). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of
fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), to
determine whether applicant is currently confined in this cause, whether he was erroneously released in this
cause, the date of any such erroneous release, the date of any subsequent arrest in this cause, and whether
applicant is currently confined on any other charge. The trial court may order depositions, interrogatories
or a hearing. In the appropriate case, the trial court may rely on its personal recollection. Id. 

 The trial court shall make findings of fact as to the issues set out in the preceding paragraph, and
may also make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 30 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
45 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: January 16, 2008

Do not publish